KD: USAO# 2025R00405

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. JKB 26 cr 132 |
| v. | (Wire Fraud, 18 U.S.C. § 1343; Mail Fraud, 18 U.S.C. § 1341; Aggravated Identity Theft, 18 U.S.C. § 1028A; Theft of Government Property, 18 U.S.C. § 641; False Statements, 18 U.S.C. § 1001 (a)(1); Forfeiture: 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| NAJEE ALEXANDER CORBETT, | |
| Defendant. | |

## INDICTMENT

### COUNTS ONE-FOUR
(Wire Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At times relevant to this Indictment:

1.      The Social Security Administration ("SSA") was an agency of the United States government that administered programs under the Social Security Act, Title 42, United States Code, Section 301 ("the Act").  SSA headquarters was located in Woodlawn, Maryland, in Baltimore County.

2.      Title XVI of the U.S. Social Security Act established SSA programs including Supplemental Security Income ("SSI"), which provided monthly cash payments to address the needs of individuals who had limited or no income; limited or no resources; and a disability, blindness, or were age 65 or older.

3.      SSI recipients received awarded benefit payments via hard copy checks mailed to a residential address or an authorized bank account.

4.      **NAJEE ALEXANDER CORBETT ("CORBETT")** was a resident of Baltimore

County, Maryland.

5.      From in and around July 19, 2020, through December 13, 2024, **CORBETT** was employed by SSA as a customer service representative.

6.      As a customer service representative, **CORBETT** was assigned a personal identification number ("PIN") to access sensitive SSA databases containing personally identifiable information of SSA benefit claimants. Employee use and access of these databases was recorded and documented by SSA's Audit Trail System ("ATS").

7.      As a customer service representative, **CORBETT's** job duties included analyzing claimants' benefit payment history; reviewing their information to determine ongoing eligibility for SSA benefits; conducting interviews; and answering questions from the public both in-person and via telephone.

8.      Beginning in or around October 2022, **CORBETT's** assigned SSA work location was a field office in downtown Baltimore City, Maryland.

9.      D.G. is a real adult male, born in 1989, who was diagnosed with organic, mental, mood, and affective disorders. In 2003 and 2012, D.G.'s mother applied for SSI benefits on his behalf. In or around February 2023, D.G.'s mother entered SSA's downtown field office to inquire about SSI disability benefits. Pursuant to ATS records, **CORBETT** began accessing D.G.'s SSA disability record that same month.

10.     D.D. is a real adult female, born in 1957, who was diagnosed with multiple mental health disorders. In or around January 2023, with assistance from family, D.D. entered SSA's downtown field office to inquire about receiving SSI disability payments. She was interviewed by **CORBETT**.

2

11. Records from SSA's ATS system revealed **CORBETT** conducted approximately 436 transactions in D.G.'s SSA record between February 15, 2023, through July 24, 2024.

12. Records from SSA's ATS system revealed **CORBETT** conducted approximately 207 transactions in D.D.'s SSA record between January 3, 2023, through April 21, 2023.

13. **CORBETT's** ATS access history revealed he completed the following unauthorized actions for victim D.G. in SSA's database: changed his SSI benefit eligibility date to award back pay to the victim's SSA record; submitted a claim for back pay in the victim's name; changed the victim's listed address to **CORBETT's** residential address in Baltimore County, Maryland; and listed the victim's bank account as an account established by **CORBETT** in the victim's name, using the victim's social security number.

14. **CORBETT's** ATS access history revealed he completed the following unauthorized actions for victim D.D. in SSA's database: changed her SSI benefit eligibility date to award back pay to the victim's SSA record; submitted a claim for back pay in the victim's name; changed victim's listed bank account to a bank account in **CORBETT's** name; and declared victim as deceased in SSA's database.

15. On or about February 16, 2023, **CORBETT** changed D.G.'s bank account in SSA's database to a fraudulent Bancorp/CHIME bank account created by **CORBETT**.

16. On or around March 1, 2023, **CORBETT** directed a benefit payment, intended for D.G., into a fraudulent Bancorp/CHIME bank account, in the amount of $820.00.

17. On or around March 13, 2023, **CORBETT** directed a benefit payment, intended for D.G., into a fraudulent Bancorp/CHIME bank account, in the amount of $29,508.50.

18. On or about June 1, 2023, **CORBETT** deleted all bank account information from D.G.'s SSA record. The same day, **CORBETT** changed D.G.'s residential address to

3

CORBETT's residential address in Baltimore County, Maryland.

19.    On or about June 2, 2023, **CORBETT** directed a U.S. Treasury check be mailed to his home in the amount of $40,062.12, in the name of victim D.G. **CORBETT** deposited said check into his personal USAA bank account and endorsed the check on or around June 9, 2023.

20.    On or about March 21, 2023, **CORBETT** changed D.D.'s bank account information in SSA's database to **CORBETT's** MVB/Credit Karma bank account.

21.    On or about March 21, 2023, **CORBETT** requested a back payment be deposited into his MVB/Credit Karma bank account, in the name of victim D.D., in the amount of $45,233.00.

22.    On or about March 23, 2023, **CORBETT** declared victim D.D. deceased in SSA's database.

23.    On or about March 24, 2023, **CORBETT** transferred $45,233.00. from his MVB bank account to a USAA bank account also in his name. The same day, **CORBETT** requested a check for $45,233.00 and mailed the check to SSA in the victim's name.

24.    On or about April 1, 2023, **CORBETT** received an additional disability payment in the name of victim D.D. in the amount of $914.00. The funds were deposited from SSA into **CORBETT's** MVB bank account. **CORBETT** then moved the funds to his USAA bank account.

25.    **CORBETT** used the unlawfully obtained SSI funds to pay for travel, home improvement projects, purchase a motorcycle, and other personal expenses.

## The Scheme To Defraud

26.    Beginning in or around February 2023 and continuing through in or about April 2023, in the District of Maryland the Defendant,

**NAJEE ALEXANDER CORBETT,**

4

knowingly and willfully devised and intended to devise a scheme and artifice to defraud the SSA, to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly and willfully transmit and cause to be transmitted by means of wire communications, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343 (the "scheme to defraud").

### The Object of the Scheme to Defraud

27.    It was the object of the scheme to defraud for **CORBETT** to personally enrich himself by fraudulently obtaining and attempting to obtain SSI funds for his own personal use and benefit, and for the personal benefit and use of his associates.

### Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

28.    **CORBETT** selected SSI claimants diagnosed with mental health disorders to alter their claimant records to include bank accounts he controlled and his residential mailing address in order to receive their SSI benefit funds for his personal use.

29.    **CORBETT** changed the date of benefit eligibility payments for the selected claimants in SSA's database in order to generate back payments in the claimants' names.

30.    **CORBETT** then caused claimant's SSI benefit payments to be transmitted to bank accounts he controlled and mailed to his home for **CORBETT's** personal use.

**CORBETT** received $116,537.62 in SSI disability payments, to which he was not entitled, retaining a total amount of $71,304.62.

## The Charges

31.    On or about the dates set forth below, in the District of Maryland, the Defendant

**NAJEE ALEXANDER CORBETT,**

for the purpose of executing the scheme to defraud described above, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs and sounds: as set forth below:

| COUNT | DATE | PAYMENT AMOUNT | DESCRIPTION |
|---|---|---|---|
| One | March 1, 2023 | March 2023 payment for D.G. in the amount of $820.00 | From Maryland to a location outside of Maryland (Bancorp Bank, Wilmington, Delaware, via direct deposit into checking account ending in 8667) |
| Two | March 13, 2023 | December 2012-March 2023 payments for D.G. in the amount of $29,508.50 | From Maryland to a location outside of Maryland (Bancorp Bank, Wilmington, Delaware, via direct deposit into checking account ending in 8667) |
| Three | March 21, 2023 | February 2017-March 2023 payments for D.D. in the amount of $45,233.00 | From Maryland to a location outside of Maryland (MVB Bank Inc, Fairmont, West Virginia, via direct deposit into checking account ending in 7369) |
| Four | April 1, 2023 | April 2023 payment for D.D. in the amount of $914.00 | From Maryland to a location outside of Maryland (MVB Bank Inc, Fairmont, West Virginia, via direct deposit into checking account ending in 7369) |

18 U.S.C.§ 1343

## COUNT FIVE
### (Mail Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1-30 are incorporated here.

2.     On or about June 2, 2023, in the District of Maryland, the Defendant,

### NAJEE ALEXANDER CORBETT,

did for the purpose of executing or attempting to execute the above-described scheme and artifice

to defraud and deprive, **CORBETT** knowingly caused to be sent and delivered by mail according

to the direction thereon, the following matter: a check to **CORBETT's** residential address, totaling

$40,062.12, for payment of SSI benefits intended for D.G., and made payable to D.G.

18 U.S.C. § 1341

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-30 are incorporated here.

2.      On or around February 16, 2023, in the District of Maryland, the Defendant,

**NAJEE ALEXANDER CORBETT,**

during and in relation to a felony violation enumerated in 18 U.S.C. 1028A(c), did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, knowing that the means of identification belonged to an actual person, that is, **CORBETT** used the social security number of D.G. to open a bank account in the name of D.G., in relation to Wire Fraud, in violation of 18 U.S.C.§ 1343 as set forth in Counts One and Two of this Indictment.

18 U.S.C. § 1028A

## COUNT SEVEN
### (Theft of Government Property)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1-30 are incorporated here.

2.    Between in or around March 2023 and in or around June 2023, in the District of Maryland, the Defendant,

**NAJEE ALEXANDER CORBETT,**

did embezzle, steal, purloin, and knowingly convert to his use and the use of another, money of the United States, whose value exceeded $1,000, namely, Title XVI SSI benefit payments intended for D.G and D.D.

18 U.S.C. § 641

## COUNT EIGHT
### (False Statements)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-30 are incorporated here.

2.      On or about March 23, 2023, in the District of Maryland, the Defendant,

### NAJEE ALEXNADER CORBETT,

did willfully and knowingly make the materially false, fictitious, and fraudulent statement and

representation set forth below in a matter within the jurisdiction of the Executive Branch of the

Government of the United States, which **CORBETT** then and there knew to be false:

| COUNT | DESCRIPTION |
|-------|-------------|
| 8     | **CORBETT** declared victim D.D. deceased in SSA's database. |

18 U.S.C. § 1001(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.    Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction of any of the offenses alleged in Counts One through Five and Seven of this Indictment.

### Wire Fraud, Mail Fraud, and Theft of Government Property Forfeiture

2.    Upon conviction of any of the offenses alleged in Counts One through Five and Seven of this Indictment, the Defendant,

### NAJEE ALEXANDER CORBETT,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

3.    If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or,

    e.    has been commingled with other property which cannot be subdivided without difficulty,

11

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:

Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

4/15/26

Date